**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN ALFONSE,<br>*Individually and as Administrator of the ESTATE*<br>*OF MICHAEL ALFONSE, deceased*<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WAL-MART STORES EAST, LP, *et al.*<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:　Civil No.:  5:26-cv-03734-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**Gallagher, J.** **July 23, 2026**

## I.   INTRODUCTION

Plaintiff John Alfonse ("Plaintiff") commenced this action arising from the fatal shooting of his son, Michael Alfonse ("Decedent"), who was killed on the Pennsylvania Turnpike in in May 2024. Plaintiff alleges that the shooter, Ivan Hawkes ("Hawkes"), was an employee of Walmart and was acting within the course and scope of his employment at the time of the incident. Plaintiff seeks to hold Defendants liable under theories of vicarious liability, negligent hiring, negligent supervision, and negligent training. Currently before the Court is Defendants' Motion to Dismiss, in which Defendants argue that the Complaint rests on conclusory assertions and lacks sufficient allegations to plausibly state any claim for relief. For the reasons set forth below, the Court concludes that Plaintiff has alleged sufficient factual matter to support plausible claims under each asserted theory. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

## II.     FACTUAL BACKGROUND

On or about May 31, 2024, Decedent was fatally shot on the Pennsylvania Turnpike in Brecknock Township, Pennsylvania, by Hawkes, whom Plaintiff alleges was an employee of Defendants. *See* Compl. ¶ 8. Plaintiff further alleges that Hawkes was acting within the course and scope of his employment with Wal-Mart ("Defendant") at the time of the shooting. *See* Compl. ¶ 9.

Plaintiff also alleges that Defendants bore responsibility for Hawkes's conduct and for the hiring, training, supervision, and background-check procedures applicable to their employees. *See* Compl. ¶ 9. According to Plaintiff, Defendants failed to hire competent and safe workers and failed to adequately train and supervise Hawkes, failures that allegedly resulted in Decedent's death. *See* Compl. ¶ 14. Plaintiff now brings this action both individually and in his capacity as Administration of Decedent's Estate.

## III.    LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Moreover,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.    DISCUSSION

### a.   Employment and/or Agency Relationship

Defendants first argue that Plaintiff has failed to plead facts sufficient to establish any employment or agency relationship between Hawkes and the corporate Defendants with respect to the operative conduct. *See* Def.'s Mot. to Dismiss at 4. According to Defendants, the Complaint offers only a conclusory assertion that Hawkes was a company driver operating a corporate vehicle, and that such bare assertions do not plausibly allege an employment or agency relationship under the governing standards. *Id.* at 4-5. In sum, Defendants contend that Plaintiff "merely alleges in conclusory fashion that Ivan Hawkes was an employee or agent of Walmart." *See* Def.'s Mot. To. Dismiss at 4. The Court disagrees.

Under the *Twombly/Iqbal* pleading standard, Plaintiff has alleged sufficient factual matter to plausibly establish an employment relationship between Hawkes and Wal-Mart. The Complaint alleges that, "[a]t all times relevant hereto, decedent employee Ivan Hawkes was in the course and scope of his employment for defendants." *See* Compl. ¶ 9. It further alleges that Defendants knew Hawkes "would be operating defendants' vehicle on major state and federal highways," that Defendants failed to properly train him regarding the "appropriate operation of defendant's vehicle," and that Hawkes was "operating their vehicle armed with a loaded weapon on his person or in the vehicle." *Id.* ¶ 12. The Complaint also alleges that Hawkes was "an agent, servant,

workman and/or employee" of Defendants. *Id.* ¶ 2. Accepting these allegations as true at this stage, Plaintiff has plausibly alleged that Hawkes was employed by Defendants.

### b. Course and Scope of Employment

Defendants next contend, as a matter of law, that shooting of a third party cannot fall within the course and scope of employment. *See* Def.'s Mot. to Dismiss at 5. Defendants argue that Pennsylvania law forecloses employer liability where an employee commits an intentional assault for purely personal reasons. *See id.* at 5-7. Defendants contend that Hawkes's alleged conduct was so outrageous and personal in nature that it necessarily falls outside the scope of his employment.

Defendants' argument, however, asks the Court to resolve factual questions that are not properly addressed at this stage. At this stage, the Court's task is limited to whether to determining the Complaint contains sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 679.

Under Pennsylvania law, an employer may only be held responsible for the acts of its employees that cause injury to a third party if the acts were committed during the course and the scope of employment. *See Scruggs v. Whiting-Turner Contracting Co.*, 2018 WL 3831408, at *2 (E.D. Pa. Aug. 10, 2018). Conduct falls within the course and scope of employment if: (1) it is of a kind of nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limit; [and] (3) it is actuated, at least in part, by a purpose to serve the employer. *See Brumfield v. Sanders,* 232 F.3d 376, 379 (3d Cir. 2000) (citing Restatement (Second) of Agency §228).

Accepting the allegations as true, Plaintiff has plausibly alleged that Hawkes was acting within the course and scope of his employment. Plaintiff alleges that Hawkes was operating a company vehicle while performing work-related duties and that the fatal encounter arose from a

driving-related interaction occurring during Wal-Mart's commercial operations. *See* Compl. at 5-7. These allegations permit the reasonable inference that Hawkes's conduct was connected to the duties assigned to him.

Whether Hawkes acted out of personal motives or in furtherance of his employer's business is a fact-intensive question that cannot be resolved at the pleading stage. At this juncture, Plaintiff need only allege facts rendering his claim plausible. The Court concludes that he has done so.

### c.   Negligent Hiring, Supervision, Training, and Retention

Defendants lastly argue that Plaintiff's negligent hiring and supervision claims fail because Wal-Mart did not supply Hawkes with the firearm used in the shooting. *See* Def.'s Mot. to Dismiss at 9. That argument is immaterial. Liability for negligent hiring and supervision does not turn on whether the employer furnished the instrumentality that caused the harm. The relevant inquiry is whether the employer knew or should have known of the employee's dangerous propensities such that the resulting harm was reasonably foreseeable. *See Belmont*, 708 F.3d at 491. As discussed above, Plaintiff plausibly alleges that Defendants knew or should have known of Hawkes' dangerous propensities. *See* Compl. at 7-8.  Accordingly, the Court concludes that the Complaint adequately states claims for negligent hiring, supervision, training, and retention.

To state a claim for negligent hiring or supervision under Pennsylvania law, a plaintiff must plead the existence of a "special relationship" between the employee and the employer. *See Brezenski*, 755 A.2d at 41. A special relationship exists where: (1) the employee is on employer's premises or premises the employee is privileged to enter only as an employee; or (2) the employee is using the employer's chattel; and (3) the employee knows or has reason to know that he has the ability to control the employee; and (4) the employer knows or should know of the necessity and

opportunity for exercising that control. *See id.* (citing Restatement (Second) of Torts § 217 (1965)). Defendant contends that none of these elements are present. The Court disagrees.

Plaintiff alleges that Hawkes was hired by Wal-Mart, was acting within the course and scope of his employment at the time of the incident and was operating a Wal-Mart-owned vehicle while performing his job duties. *See* Compl. at 6-7. These allegations plausibly establish a special relationship between Wal-Mart and Hawkes. Defendants argue that the shooting occurred off Wal-Mart's premises, but that fact is not dispositive. Employers may be liable for off-premises conduct where the employee is performing work duties or otherwise acting in furtherance of the employer's business. *See Vance Strader v. Home Depot,* 2026 WL 1864226, at *5 (W.D. Pa. June 29, 2026) (citing *Brumfield,* 232 F.3d at 381).

Here, Plaintiff alleges that Hawkes's duties included commercial driving and he was performing those duties on the day of the incident. *See* Compl. at 7. The Complaint further alleges that Wal-Mart's commercial drivers regularly operate on state and federal roadways, making the Pennsylvania Turnpike a location where Wal-Mart employees routinely perform assigned work. *See* Compl. ¶ 12. These allegations plausibly establish the existence of a special relationship.

The Court next considers whether Plaintiff plausibly alleges negligent hiring, supervision, training, and retention. Under Pennsylvania law, an employer may be held directly liable where it knew or should have known of an employee's dangerous propensities and where the resulting harm was reasonably foreseeable. *See Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 491 (3d Cir. 2013) (citing Restatement (Second) of Agency § 213 and Restatement (Second) of Torts § 317). At the pleading stage, Plaintiff must allege facts rendering these claims plausible.

Accepting the allegations as true, Plaintiff has done so. Plaintiff alleges that Defendants failed to address conduct that they "knew or should have known was occurring" while Hawkes

6

was performing his job duties; failed to recognize Hawkes's "warning signs of propensity to act out" and "propensity to act out with regard to road rage;" and "knew or should have known that [Hawkes] had a propensity to act out violently while performing his job duties." *See* Compl. at 5-7. These allegations, among others, plausibly support the inference that Defendants knew or should have known of Hawkes' dangerous propensities yet failed to take appropriate action.

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has alleged sufficient factual matter to state plausible claims for vicarious liability and negligent hiring, supervision, training, and retention. Accepting the allegations as true, Plaintiff has adequately pleaded that  Hawkes was acting within the course and scope of his employment and that Defendants knew or should have known of Hawkes's dangerous propensities yet failed to take appropriate action. These allegations, taken together, are sufficient to state claims upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss is **DENIED.**  An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge